IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEIGHANNE SCOTT,

   Plaintiff,

    v.

DISMAS CHARITIES, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-3267-TWT

ORDER

     This is an employment discrimination action. It is before the Court on the Report and Recommendation [Doc. 114] of the Magistrate Judge recommending granting in part and denying in part the Defendant Dismas Charities' Motion for Summary Judgment [Doc. 95] as to the Plaintiff's Title VII and state law claims, granting the Defendant's Motion for Summary Judgment [Doc. 92] as to the cross claims of Defendant Bello, and granting in part and denying in part the Defendant Bello's Motion for Summary Judgment [Doc. 61]. The Plaintiff's objections to the Report and Recommendation with respect to her constructive discharge claim are clearly without merit. Her other objections are overruled for the reasons stated in the Report and Recommendation. The Court approves and adopts the Report and Recommendation as the judgment of the Court with one exception. The Magistrate

Judge recommended denying Dismas Charities' Motion for Summary Judgment as to the Plaintiff's Title VII retaliation claims. The question is a close one. But in the end, I disagree. In order to prevail on a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006) (internal quotation marks omitted). "And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." Id. The standard is an objective one, and "the significance of any given act of retaliation will often depend upon the particular circumstances." Id. In the context of a troubled employment relationship where the Plaintiff ultimately walked away from her job, the writeups and reprimands were no more than petty slights and minor annoyances. Upper management was generally supportive of the Plaintiff, reversing the 2 day suspension and disciplining Bello. The factual basis (e.g., the Plaintiff leaving early on her birthday and not showing up for work when she was supposed to) of many of the reprimands was not disputed. Accordingly, the Defendant Dismas Charities is entitled to summary judgment as to the Plaintiff's retaliation claim. The Defendants' Motions for Summary Judgment

[Doc. 61 & 95] are GRANTED.  All of the federal claims having been resolved, the state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

SO ORDERED, this 17 day of September, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge